(78 South. 558)

No. 21192.

IBERVILLE WHOLESALE GROCERY CO., Limited, v. PEOPLE'S BANK et al.

(April 1, 1918. On Application for Rehearing, April 29, 1918.)

*(Syllabus by the Court.)*

1. CONTRACTS ☞350(1)—RECOVERY—SUFFICIENCY OF EVIDENCE.

This case presents only questions of fact.

*(Additional Syllabus by Editorial Staff.)*

2. APPEAL AND ERROR ☞204(1)—ADMISSION OF EVIDENCE—OBJECTION.

Where evidence was offered and admitted without objection by defendant, it was too late to urge the objection on appeal.

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Joseph E. Le Blanc, Jr., Judge.

Action by the Iberville Wholesale Grocery Company, Limited, against the People's Bank and the L. Danos Planting & Manufacturing Company. Judgment for plaintiff, and the People's Bank appeals. Affirmed.

Pugh & Lemann, of Donaldsonville, and J. H. Pugh, of Plaquemine, for appellant. Borron & Wilbert, of Plaquemine, for appellee.

SOMMERVILLE, J. Plaintiff and defendants entered into an oral agreement stipulating that plaintiff and the defendant bank would advance to the L. Danos Planting & Manufacturing Company supplies and money for pay rolls for cultivating, harvesting, and manufacturing the crop of sugar and corn on the Milly plantation during the year 1913.

Plaintiff was to advance $5,000 worth of supplies; and the bank was to furnish the money necessary for the pay rolls.

The Danos Company pledged its crop in favor of the president of the bank for $35,000, issuing its notes under said pledge, one of which notes for $5,000 was to be given, and was given, by the bank to the plaintiff as collateral security. The other notes were held by the bank.

Plaintiff rendered monthly statements to the bank showing advances made by it to the Danos Company for supplies.

In the month of October the plaintiff had furnished $5,000 worth of supplies; and it was further agreed between the parties that the plaintiff should continue furnishing supplies to harvest the balance of the crop, under the terms of the original agreement.

In that agreement it was stipulated that the bank should handle the crop of the Milly plantation, and that it would prorate the proceeds thereof between itself and plaintiff. The bank has been paid, or has paid itself, the amount advanced by it for pay rolls; and it has also discharged further indebtednesses due by the Danos Company to it out of the said proceeds. The value of the supplies furnished by plaintiff have not all been paid; and this is a suit against the bank and the Danos Company for the balance, $2,180.86, evidenced by notes issued monthly by the Danos Company in favor of plaintiff.

The Danos Company admitted the amount claimed to be due. The bank admitted that there was an agreement between the parties, but denied certain provisions alleged by plaintiff to have been made therein. It denied that there was any balance on said crop, or that there was any amount due plaintiff under said agreement, or that plaintiff was to furnish supplies in excess of $5,000.

There was judgment in favor of plaintiff as prayed for; and the bank has appealed. The Danos Company has not appealed.

[1] It is stated on behalf of the defendant bank on its brief filed in this court that the only matters in dispute are as to a balance due by the Danos Company to plaintiff for supplies furnished in 1912, and as to the advances made by plaintiff for the year 1913 in excess of $5,000. It is stated:

"The record shows that there is no question about the advances up to $5,000 for which the plaintiff secured a crop lien note, which note was in due course paid."

The evidence shows that the 1912 indebtedness was paid to plaintiff in part out of the proceeds of the crop of 1913, and that it was agreed between the parties it should be paid if there was an excess in the receipts of the crop of 1913 over and above the cost of making the same. There was such an excess; and that question passes out of the case.

As to the excess over and above $5,000 claimed by plaintiff for supplies for the year 1913, the evidence is that such excess was protected by an agreement entered into between all parties, and that monthly statements thereof were furnished by the plaintiff to the bank. The record shows there would have been ample in the hands of the defendants to pay this excess if the bank had not paid itself, or caused itself to be paid, out of the said funds, the sum of $2,211.71, being interest due on certain mortgage notes held by it and bearing upon the Milly plantation, and the further sum of $1,249.52, due by the Danos Planting Company to Jas. E. and G. T. Dunlap, the former being the president of the defendant bank, for insurance on a certain policy issued by said agents. These were clearly not amounts due for pay rolls, or for the necessary running expenses of the Milly plantation. And they should not have been paid out of the proceeds of the crop of 1913 by preference to the claim of plaintiff for supplies furnished for the making and harvesting of that crop.

[2] Appellant urges in this court that parol evidence is not admissible to prove the debt owed by a third person, citing the article of the Code to that effect. But this point was not raised in the trial court and disposed of there. Oral evidence was therein offered and admitted without objection on the part of the defendant bank, and it is now too late to urge it here, even if the agreement under discussion was one to pay

the debt of a third person. But the agreement was not to pay the debt of a third person. It was one entered into by three parties, wherein one of the parties was to hold the money of the Danos Company in its hands for the purpose of distributing it ratably between plaintiff and the bank.

The judgment appealed from is affirmed.

PROVOSTY, J., recused.

On Application for Rehearing.

PER CURIAM. There was an error in allowing interest on $830.84 from January 15, 1914, in the judgment appealed from. Eight per cent. interest should have been allowed only on $376.31, and the judgment appealed from should have been amended in that respect.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by allowing 8 per cent. interest on $376.31, instead of $830.84, from January 15, 1914, and, as thus amended, it is affirmed.

The application for rehearing is refused; costs of appeal to be paid by appellee.